IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN LITTLE, et al., | § |
| | § |
| Plaintiffs, | § |
| | § Civil Action No. 3:14-CV-3089-D |
| VS. | § |
| | § |
| TEXAS ATTORNEY GENERAL, | § |
| | § |
| Defendant. | § |

MEMORANDUM OPINION
AND ORDER

Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(1) presents the question whether plaintiffs' action is barred by Eleventh Amendment immunity. Concluding that it is, and that the court lacks subject matter jurisdiction as a result, the court grants defendant's motion. Because plaintiffs are proceeding *pro se*, the court grants them leave to replead.

I

Plaintiffs John Little and Wendy Little bring this action under the Due Process Clause of the Fourteenth Amendment and the due process clause found in Article 1, § 19 of the Texas Constitution, Tex. Const. Ann. art. 1,[1] against defendant Texas Attorney General

---

[1]The Littles initiated this lawsuit by filing an original petition and application for temporary injunction. In that pleading, they assert claims under the Fourteenth Amendment and Article 1, § 19 of the Texas Constitution. *See* Pet. ¶ 5.1. Attached to that document is a one-page "complaint." In the "complaint," the Littles state that their suit is brought under 42 U.S.C. § 1983, 28 U.S.C. § 1343, and 42 U.S.C. § 1985. Setting aside 28 U.S.C. § 1343 (which is a jurisdictional provision), the Eleventh Amendment would bar the Littles' claims asserted under §§ 1983 and 1985. *See, e.g., Fox v. Mississippi*, 551 Fed. Appx. 772, 774-75 (5th Cir. 2014) (per curiam) (holding, *inter alia*, that Eleventh Amendment barred claims under §§ 1983 and 1985 against state, district that was agency of state, and individuals sued

("OAG") arising from the nonrenewal of John's Master Electrician's License based on his failure to pay child support.[2] The Littles own and operate an electrical contractor business in Dallas County, Texas. To operate this business, it is necessary for John to hold a Master Electrician's License, which he did until his license expired on June 23, 2014.

In August 2010 a Texas state court ordered John to make monthly child support payments. In February 2013 John requested that OAG review the child support order. Beginning in March 2013 John failed to make the required payments. In June 2013 OAG denied John's request for an adjustment of the child support order based on his failure to attach certain required supporting documentation.

In February 2014 OAG sent John a letter, entitled, "Notice of Denial of License Renewal" ("Notice"). The Notice informed him that, due to his failure to pay child support for six months or more, the Child Support Division of OAG was ordering the Texas Department of Licensing and Regulation to deny renewal of any licenses issued to John. The Notice instructed John to contact OAG to make payment arrangements and to obtain a release of the hold on his license renewal. John's Master Electrician's License expired on June 23, 2014. He attempted to renew his license online, but was unable to do so because of OAG's order.

---

in their official capacities).

[2]Because plaintiffs are proceeding *pro se*, the court liberally construes their original petition. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

The Littles then filed this lawsuit seeking injunctive and declaratory relief.[3]  They allege that OAG's order violates both the Due Process Clause of the Fourteenth Amendment and the due process clause found in Article 1, § 19 of the Texas Constitution, Tex. Const. Ann. art. 1, § 19.  OAG contends, and the Littles do not appear to contest, that following receipt of the Notice, the Littles have neither attempted to contact OAG to make any arrangements to pay the child support arrearage nor requested a review by the child support agency, as permitted under Tex. Fam. Code Ann. § 232.0135(d) (West 2013).

OAG moves to dismiss this action under Rules 12(b)(1) and 12(b)(6).  The Littles oppose the motion.

II

The court need only consider OAG's Rule 12(b)(1) motion to dismiss based on Eleventh Amendment immunity.[4]

A

When Eleventh Amendment immunity applies, it deprives the court of subject matter jurisdiction.  *See, e.g., Ross v. Tex. Educ. Agency,* 409 Fed. Appx. 765, 768 (5th Cir. 2011)

---

[3]The Littles' application for a preliminary injunction is denied without prejudice based on the court's conclusion that it lacks subject matter jurisdiction.  If the Littles are able hereafter to plead a claim that withstands dismissal, the court will revisit their application for a preliminary injunction.

[4]*See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) ("When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.").  Because the court is dismissing this lawsuit for lack of subject matter jurisdiction, it need not reach OAG's alternative Rule 12(b)(6) motion.

(per curiam) ("We review Eleventh Amendment sovereign immunity determinations, as we do other questions of subject matter jurisdiction, as a question of law *de novo*."). A Rule 12(b)(1) motion challenging the court's subject matter jurisdiction can mount either a facial or factual challenge. *See, e.g., Hunter v. Branch Banking & Trust Co.*, 2013 WL 607151, at *2 (N.D. Tex. Feb. 19, 2013) (Fitzwater, C.J.) (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. May 1981)). When a party makes a Rule 12(b)(1) motion without including evidence, the challenge to subject matter jurisdiction is facial. *Id.* The court assesses a facial challenge as it does a Rule 12(b)(6) motion in that it "looks only at the sufficiency of the allegations in the pleading and assumes them to be true. If the allegations are sufficient to allege jurisdiction, the court must deny the motion." *Id.* at *2 (citation omitted) (citing *Paterson*, 644 F.2d at 523).

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citations omitted).

B

OAG contends that Eleventh Amendment immunity bars the Littles' suit because they are suing a state agency and there has been no waiver or abrogation of immunity. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be

construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."[5] The Eleventh Amendment bars private suits in federal court against states, including state agencies, unless the state has waived, or Congress has abrogated, the state's sovereign immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984); *Aguilar v. Tex. Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998). The reference to actions "against one of the United States" has been interpreted to "encompass[] not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities." *Sw. Bell Tel. Co. v. City of El Paso*, 243 F.3d 936, 937 (5th Cir. 2001) (quoting *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997)).

The Littles oppose OAG's motion on various grounds, but the only one that merits discussion is their contention that the exception to Eleventh Amendment immunity recognized in *Ex Parte Young*, 209 U.S. 123 (1908), applies here because they are asserting only claims for injunctive and declaratory relief.[6] The Littles' reliance on *Ex Parte Young*

---

[5]"Although courts and litigants often use 'Eleventh Amendment immunity' as a 'convenient shorthand,' the phrase is 'something of a misnomer, for the sovereign immunity of the States neither derives from, nor is limited by, the terms of the Eleventh Amendment.'" *Stiff v. Stinson*, 2013 WL 3242468, at *3 n.3 (N.D. Tex. May 28, 2013) (Ramirez, J.) (quoting *N. Ins. Co. of N.Y. v. Chatham Cnty., Ga.*, 547 U.S. 189, 193 (2006)), *rec. adopted*, 2013 WL 3242468 (N.D. Tex. June 27, 2013) (Fitzwater, C.J.).

[6]In conjunction with their argument based on *Ex Parte Young*, the Littles contend that OAG is not immune from suit because it receives federal funds as the state's Title IV-D agency. They do not cite any authority, however, for this proposition, and the court is aware of none.

is misplaced.

"The [*Ex Parte*] *Young* exception 'has no application in suits against the States and their agencies, which are barred regardless of the relief sought.'" *Moore v. La. Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014) (quoting *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993)); *see also Aguilar*, 160 F.3d at 1054 (citing *Saltz v. Tenn. Dep't of Emp't Sec.*, 976 F.2d 966, 968 (5th Cir. 1992)) ("To meet the *Ex Parte Young* exception, a plaintiff's suit alleging a violation of federal law must be brought against individual persons in their official capacities as agents of the state[.]"). The Littles sue the "Texas Attorney General," whom they identify as "the Title IV-D agency for the State of Texas." Pet. ¶ 2.2. Accordingly, because the Littles' claims are brought against OAG, a state agency, they are barred by the Eleventh Amendment. The court therefore concludes that it lacks subject matter jurisdiction, and it grants OAG's motion to dismiss under Rule 12(b)(1).

III

Although the court is granting OAG's motion to dismiss, the Littles are entitled to replead because they are proceeding *pro se* and have not yet been given "one more opportunity to plead [their] best case." *Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *1 (N.D. Tex. Apr. 12, 2004) (Fitzwater, J.) ("Although the court granted [defendant's] motion to dismiss, it gave [plaintiff] one more opportunity to plead his best case, because he was proceeding *pro se*."). Accordingly, the court grants the Littles leave to file an amended complaint within 28 days of the date this memorandum opinion and

order is filed. If they replead but do not state a claim over which this court has subject matter jurisdiction, or do not state a claim on which relief can be granted, the party or parties whom they sue may move for appropriate relief.

IV

On October 6, 2014, while OAG's motion to dismiss was pending, it filed an "emergency" motion to stay scheduling conference and discovery. Treating the motion as a motion to stay scheduling conference and discovery and request for expedited ruling, the court grants it. The court has today determined that it lacks subject matter jurisdiction over the Littles' lawsuit and has granted OAG's motion to dismiss. It therefore follows that OAG should not be required to participate in a scheduling conference and discovery.

\* \* \*

For the reasons explained, the court grants OAG's Rule 12(b)(1) motion to dismiss the Littles' suit based on Eleventh Amendment immunity, and it grants the Littles leave to replead. The Littles' application for a preliminary injunction is denied without prejudice. OAG's motion to stay scheduling conference and discovery is granted.

**SO ORDERED.**

October 9, 2014.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE