IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JOHN LITTLE, et al.,                §
                                    §
                    Plaintiffs,     §
                                    §   Civil Action No. 3:14-CV-3089-D
VS.                                 §
                                    §
TEXAS ATTORNEY GENERAL, et al.,     §
                                    §
                    Defendants.     §

MEMORANDUM OPINION
AND ORDER

In this action by *pro se* plaintiffs John Little and Wendy Little challenging the

suspension of John's state-issued Master Electrician License based on his failure to pay child

support, three defendants (state employees sued in their individual capacities) move under

Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss on several grounds, one of which is qualified

immunity.  For the reasons that follow, the court defers a ruling on defendants' motion to

dismiss, directs that the Littles file a Rule 7(a) reply, and permits supplemental briefing on

whether defendants are entitled to qualified immunity.

I

Because the background facts are set out in a prior memorandum opinion and order,

*see Little v. Texas Attorney General*, 2014 WL 5039461, at *1 (N.D. Tex. Oct. 9, 2014)

(Fitzwater, C.J.) ("*Little I*"), and considering the limited nature of this decision, the court will

limit its discussion of the background facts and procedural history.  Stated summarily, this

is a suit by the Littles arising from the suspension[1] of the Master Electrician License held by John, a non-custodial parent, based on his failure to pay child support.  The Littles challenge provisions of Texas law on which defendants relied to deprive John of his license, the procedures that were followed (and the delay involved) in doing so, and other related acts or omissions. The Littles essentially contend that they were denied the right to contract, due process of law, and equal protection of the laws, and were retaliated against for filing this lawsuit.  In their first amended complaint, the Littles sue under 42 U.S.C. § 1983 and 42 U.S.C. § 1985,[2] challenging provisions of the Texas Family Code as unconstitutional, and contending that defendants Padriac O'Bryan ("O'Bryan"), Carolyn Tibiletti ("Tibiletti"), and Sherry Carson ("Carson") (collectively, the "Individual Defendants"), and unknown defendants,[3] all of whom are state employees, are liable for violating the Littles' constitutional rights.

In *Little I* the court dismissed the Littles' action against the Office of the Attorney General of Texas ("OAG") based on Eleventh Amendment immunity.  *Little I*, 2014 WL 5039461, at *2.  The Littles have filed a first amended complaint in which they sue the

---

[1]The Individual Defendants refer to this as a "non-renewal" rather than a "suspension."  For purposes of this decision requiring a Rule 7(a) reply, the distinction is immaterial.

[2]In their amended complaint, the Littles also cite 28 U.S.C. § 1343, but this is a jurisdictional statute, not a statute that provides a remedy for a substantive right that the Littles assert.

[3]The "unknown defendants" are alleged to be "the rest of the individuals that conspired to deprive the Plaintiffs and/are from the Tyler, TX office."  Am. Comp. ¶ 1.2.

Individual Defendants and the unknown defendants.  The Individual Defendants move under Rule 12(b)(1) and 12(b)(6) to dismiss the Littles' lawsuit on several grounds, including the defense of qualified immunity.

## II

## A

Although the Individual Defendants rely on several grounds to support their motion to dismiss, the court will focus on their defense of qualified immunity.  First, "[q]ualified immunity . . . should be addressed by a district court in the early stages of litigation." *Murray v. Earle*, 2008 WL 1744257, at *4 (5th Cir. Apr. 11, 2008) (per curiam) (unpublished opinion) (citing *Siegert v. Gilley*, 500 U.S. 226, 231 (1991)).  "One of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive."  *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (citing *Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir. 1986)).  In this circuit, it is established that "[d]iscovery . . . must not proceed until the district court *first* finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 994 (5th Cir. 1995).  Second, if the Individual Defendants are entitled to qualified immunity, then the court can (and must) dismiss the Littles' lawsuit against them without reaching the other grounds of defendants' motion.  Third, if the Individual Defendants are entitled to qualified immunity as to some but not all claims, the court can narrow its analysis of their motion to dismiss to the claims for which they are not entitled to qualified immunity.

B

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity applies to state officials sued for constitutional violations under § 1983. *See id.* at 818 n.30 (citing *Butz v. Economou*, 438 U.S. 478, 504 (1978)); *Palmer v. Johnson*, 193 F.3d 346, 351 (5th Cir. 1999). It also applies to claims brought under 42 U.S.C. § 1985. *See Kinney v. Weaver*, 367 F.3d 337, 351-55 (5th Cir. 2004) (en banc) (addressing whether defendants were entitled to qualified immunity from § 1985 claim); *Southard v. Tex. Bd. of Criminal Justice*, 114 F.3d 539, 556 (5th Cir. 1997) (holding that defendant had qualified immunity as to claims under §§ 1983 and 1985). "The Supreme Court has characterized the doctrine as protecting 'all but the plainly incompetent or those who knowingly violate the law.'" *Cozzo v. Tangipahoa Parish Council-President Gov't*, 279 F.3d 273, 284 (5th Cir. 2002) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

"To decide whether defendants are entitled to qualified immunity, the court must first answer the threshold question whether, taken in the light most favorable to plaintiffs as the parties asserting the injuries, the facts they have alleged show that defendants' conduct violated a constitutional right."[4] *Ellis v. Crawford*, 2005 WL 525406, at *3 (N.D. Tex. Mar.

---

[4]As defendants recognize, the Littles may also show a violation of a statutory right. *See* Ds. Br. 6 (citing, *inter alia*, *Ashcroft v. al-Kidd*, ___ U.S. ___, 131 S.Ct. 2074, 2080

3, 2005) (Fitzwater, J.) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001) ("A court required to rule upon the qualified immunity issue must consider, then, this threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right? This must be the initial inquiry.")).[5] "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier*, 533 U.S. at 201. "[I]f a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established." *Id*. "Even if the government official's conduct violates a clearly established right, the official is nonetheless entitled to qualified immunity if his conduct was objectively reasonable." *Wallace v. Cnty. of Comal*, 400 F.3d 284, 289 (5th Cir. 2005). "The objective reasonableness of allegedly illegal conduct is assessed in light of the legal rules clearly established at the time it was taken." *Salas v. Carpenter*, 980 F.2d 299, 310 (5th Cir. 1992) (citing *Anderson v. Creighton*, 483 U.S. 635, 639 (1987)). "'The defendant's acts are held to be objectively reasonable unless *all* reasonable officials in the defendant's circumstances would have then known that the defendant's conduct violated the' plaintiff's asserted constitutional or federal statutory

─────────────────────

(2011)).

[5]*Saucier*'s two-step procedure for determining qualified immunity is no longer mandatory. *See Pearson v. Callahan*, 555 U.S. 223, 232, 236 (2009). Courts are free to consider *Saucier*'s second prong without first deciding whether the facts show a constitutional violation. *Id*. at 236. The "decision does not prevent the lower courts from following the *Saucier* procedure; it simply recognizes that those courts should have the discretion to decide whether that procedure is worthwhile in particular cases." *Id*. at 242.

- 5 -

right." *Cozzo*, 279 F.3d at 284 (quoting *Thompson v. Upshur Cnty., Tex.*, 245 F.3d 447, 457 (5th Cir. 2001)).

"[W]hen a plaintiff sues a public official under § 1983, the district court must insist on heightened pleading by the plaintiff." *Morin v. Caire*, 77 F.3d 116, 121 (5th Cir. 1996) (citing *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995) (en banc)).[6]  Although a plaintiff may comply with ordinary pleading standards in his initial complaint, and need not anticipate a qualified immunity defense, "[w]hen a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the plaintiff to reply to that defense in detail" pursuant to Rule 7(a). *Schultea*, 47 F.3d at 1433.  "[T]he reply must be tailored to the assertion of qualified immunity and fairly engage its allegations." *Id.*  "Heightened pleading requires allegations of fact focusing specifically on the conduct of the individual who caused the plaintiffs' injury." *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999).  The case should not be allowed to proceed unless plaintiffs can assert specific facts that, if true, would overcome the defense. *See Morin*, 77 F.3d at 120 ("Public officials are entitled to qualified immunity from suit under § 1983 unless it is shown by specific allegations that the officials violated clearly established law."); *Schultea*, 47 F.3d at 1434 ("The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity[.]").  The "district court's discretion not to [require a Rule 7(a) reply] is

_____

[6]Because qualified immunity is available for a § 1985 claim, this reasoning applies as well to the Littles' claims to the extent based on § 1985.

narrow indeed when greater detail might assist." *Schultea*, 47 F.3d at 1434; *see also Reyes*, 168 F.3d at 161 ("Faced with sparse details of claimed wrongdoing by officials, trial courts ought routinely require plaintiffs to file a reply under [Rule] 7(a) to qualified immunity defenses.").

C

The Individual Defendants maintain that they are entitled to qualified immunity because the Littles have not alleged any specific facts regarding any specific OAG employee that are sufficient to show that the OAG employee violated a statutory or constitutional right; and that, other than naming the Individual Defendants as parties and making the conclusory assertion that they conspired against the Littles, the Littles do not identify any specific actions taken by any specific OAG employee that could be interpreted as violating their rights. The Individual Defendants also posit that, for the law to be clearly established, it must so clearly and unambiguously prohibit an official's conduct that every reasonable official would have understood that what he was doing violated that right. They maintain that the Littles have not alleged in their amended complaint any specific facts that demonstrate this.

The court concludes on its own initiative that the Littles should be ordered to file a Rule 7(a) reply that addresses defendants' qualified immunity defense. *See Schultea*, 47 F.3d at 1433. The Individual Defendants are only individually identified a handful of times in the first amended complaint. In ¶ 1.2, the Littles identify them as defendants and state where they can be served. In ¶ 3.1, the Littles allege that O'Bryan, Tibiletti, and Carson all conspired at the same field office to deprive John of his Master Electrician License, and that

he "was deprived of his civil rights when the Defendants failed to look at, investigate, pursue, recognize or show any due diligence in exercising good judgment in their actions (especially recognizing the place of employment is independent of modifying child support)." The Littles assert that "[t]his action was illegally carried out . . . because [§ 232.0135 of the Texas Family Code] is unconstitutional and no due process was afforded to [John] . . . as well as the deprivation of equal protection[.]" *Id.* at ¶ 3.1. In ¶ 3.2, the Littles allege that O'Bryan and Tibiletti took an oath as Texas attorneys, and that any violations of that oath are enforceable as a matter of law. And they aver that "Carson has made sworn statements to the Court as to the familiarity to this particular case and requests for child support review involving [John]." *Id.* at ¶ 3.2. In ¶ 8.4, the Littles allege that Carson retaliated against them for filing this lawsuit by holding John's license. These paragraphs are insufficient to address the defense of qualified immunity.

The remaining references to the Individual Defendants are as undifferentiated members of a collective group of "Defendants." Several allegations are wholly conclusory. *See, e.g., id*. at ¶ 3.3 ("Plaintiffs allege that the Defendants [c]onspired to deceive, mislead, and misrepresent their actions and to obtain an unfair advantage against the Plaintiff[s] just because of the Defendants['] position of authority and their obvious hatred toward non-custodial parents. This is invidious discrimination towards a non-custodial parent with no proof of any [wrongdoing] because no due process was afforded to rebut those claims."). There are several similar, conclusory allegations in the amended complaint in which all the Individual Defendants are lumped together. The Littles' "failure to attribute conduct to any

- 8 -

of the Individual Defendants or to separate out the allegations against the various Individual Defendants makes it impossible to determine whether the defendant in question acted in an objectively unreasonable manner in light of clearly established constitutional standards." *Fisher v. Dall. Cnty.*, 299 F.R.D. 527, 532-33 (N.D. Tex. 2014) (Fitzwater, C.J.) (citing *Waltman v. Payne*, 535 F.3d 342, 346 (5th Cir. 2008) (requiring plaintiff, in order to rebut qualified immunity defense, to show "that he has alleged a violation of a clearly established constitutional right" and that "the defendant's conduct was objectively unreasonable in light of clearly established law at the time of the incident")).

III

Accordingly, under the authority granted in *Schultea*, 47 F.3d at 1433, the court orders that, within 21 days of the date this memorandum opinion and order is filed, the Littles file a Rule 7(a) reply that alleges with particularity all material facts that they contend establish their right to recover under §§ 1983 and 1985 against each individual defendant for the violation of a constitutional or statutory right. *See Reyes*, 168 F.3d at 161.  After the Littles file their Rule 7(a) reply, defendants may file a supplemental brief in support of their motion to dismiss that addresses their qualified immunity defense.  The Littles may file a response brief within 21 days of the date the supplemental brief is filed.  Defendants may file a reply brief within 14 days of the date the response brief is filed.  If the court concludes that defendants' motion to dismiss, as supplemented, cannot be decided based on the qualified immunity defense, it will consider the other grounds asserted in defendants' December 16,

2014 motion to dismiss.

**SO ORDERED**.

April 23, 2015.



SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE