IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN LITTLE, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 3:14-CV-3089-D |
| VS. | § | |
| | § | |
| TEXAS ATTORNEY GENERAL, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this action by *pro se* plaintiffs John Little and Wendy Little challenging the suspension of John's state-issued Master Electrician License based on his failure to pay child support, three defendants (state employees sued in their individual capacities) move under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss on several grounds. For the reasons that follow, the court grants defendants' Rule 12(b)(6) motion and dismisses the actions against these three defendants by Rule 54(b) judgment filed today.

I

Because the background facts are set out in a prior memorandum opinion and order, *see Little v. Texas Attorney General*, 2014 WL 5039461, at *1 (N.D. Tex. Oct. 9, 2014) (Fitzwater, C.J.) ("*Little I*"), the court will recount only the background facts and procedural history that are pertinent to this decision.

Plaintiffs John and Wendy Little bring this action against defendants Padraic O'Bryan ("O'Bryan"), Carolyn Tibiletti ("Tibiletti"), and Sherry Carson ("Carson") (collectively, the

"Individual Defendants"), in their individual capacities, and against "Unknown Defendants,"[1]

alleging that defendants violated the Littles' constitutional rights when they "suspended" a

Master Electrician License held by John, a non-custodial parent, based on his failure to pay

child support.[2]   The Littles challenge provisions of Texas law on which they allege

defendants relied to deprive John of his license, the procedures that were followed (and the

delay involved) in doing so, and other related acts or omissions.   The Littles essentially allege

that they were denied due process of law and equal protection of the laws, and were retaliated

against for filing this lawsuit.   In their first amended complaint, the Littles sue under 42

---

[1]The "Unknown Defendants" are alleged to be "the rest of the individuals that conspired to deprive the Plaintiffs and are from the Tyler, TX office." Am. Comp. ¶ 1.2. By separate order, the court is today directing under Rules 4(m) and 6(b) that the Littles demonstrate good cause for failing to serve the "Unknown Defendants."

[2]In deciding the Individual Defendants' Rule 12(b)(6) motion, the court construes the Littles' amended complaint in the light most favorable to them, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in their favor. *See, e.g., Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).   "The court's review [of a Rule 12(b)(6) motion] is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."  *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citation omitted).

A Rule 12(b)(1) motion can mount either a facial or factual challenge.  *See, e.g., Hunter v. Branch Banking & Trust Co.*, 2013 WL 607151, at *2 (N.D. Tex. Feb. 19, 2013) (Fitzwater, C.J.) (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. May 1981)). When a party makes a Rule 12(b)(1) motion without including evidence, the challenge to subject matter jurisdiction is facial.  *Id*.   The court assesses a facial challenge as it does a Rule 12(b)(6) motion in that it "looks only at the sufficiency of the allegations in the pleading and assumes them to be true.  If the allegations are sufficient to allege jurisdiction, the court must deny the motion."  *Id*. (citation omitted) (citing *Paterson*, 644 F.2d at 523).

U.S.C. § 1983 and 42 U.S.C. § 1985,[3] challenging provisions of the Texas Family Code as unconstitutional, and contending that defendants, all of whom are state employees, are liable for violating the Littles' constitutional rights.

In *Little I* the court dismissed the Littles' action against the Office of the Attorney General of Texas ("OAG") based on Eleventh Amendment immunity. *Little I*, 2014 WL 5039461, at *2. The Littles amended their complaint to sue the Individual Defendants and the Unknown Defendants. The Individual Defendants then moved under Rule 12(b)(1) and 12(b)(6) to dismiss the Littles' lawsuit on several grounds, including the defense of qualified immunity. The court deferred a ruling on the motion and directed the Littles to file a Rule 7(a) reply. *Little v. Tex. Attorney Gen.*, 2015 WL 1859457, at *1 (N.D. Tex. Apr. 23, 2015) (Fitzwater, J.) ("*Little II*"). The Littles have filed their reply, and the parties have submitted supplemental briefing on the defense of qualified immunity. The court now turns anew to the Individual Defendants' motion to dismiss.

## II

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of

---

[3]In their amended complaint, the Littles also cite 28 U.S.C. § 1343, but this is a jurisdictional statute, not a statute that provides a remedy for a substantive right that the Littles assert.

proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) (citations omitted).

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of plaintiffs' amended complaint by 'accepting all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff[s].'" *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and brackets omitted)). To survive defendants' motion, the Littles must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff[s] plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556); *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citation omitted). "Although pro se pleadings are to be liberally construed, they must state a 'plausible claim for relief to

- 4 -

survive[] a motion to dismiss.'" *Scott v. Cohen*, 528 Fed. Appx. 150, 152 (3d Cir. 2013) (per curiam) (brackets in original) (citations omitted) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Iqbal*, 556 U.S. at 679).

III

The court begins with the Individual Defendants' Rule 12(b)(1) motion, in which they move to dismiss this action based on a lack of standing.[4]

A

The standing doctrine addresses the question of who may properly bring suit in federal court, and "is an essential and unchanging part of the case-or-controversy requirement of Article III."[5] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  It "involves both

---

[4]"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming*, 281 F.3d at 161 (citations omitted).

[5]"Standing is an issue of subject matter jurisdiction, and thus can be contested by a Rule 12(b)(1) motion to dismiss." *Lee v. Verizon Commc'ns Inc.*, 954 F.Supp.2d 486, 496 (N.D. Tex. 2013) (Fitzwater, C.J.) (citing *Hunter*, 2013 WL 607151, at *1), *aff'd*, ___ Fed. Appx. ___, 2015 WL 4880972 (5th Cir. Aug. 17, 2015).  A Rule 12(b)(1) motion can mount either a facial or factual challenge.  *See Hunter*, 2013 WL 607151, at *2 (citing *Paterson*, 644 F.2d at 523).  When a party makes a Rule 12(b)(1) motion without including evidence, the challenge to subject matter jurisdiction is facial.  *Id.*  The court assesses a facial challenge as it does a Rule 12(b)(6) motion in that it "looks only at the sufficiency of the allegations in the pleading and assumes them to be true.  If the allegations are sufficient to allege jurisdiction, the court must deny the motion." *Id.* (citing *Paterson*, 644 F.2d at 523).  In this case, although the Individual Defendants rely, in part, on evidence that the Littles submitted in connection with earlier briefing, the Individual Defendants primarily make a facial challenge to subject matter jurisdiction.  Accordingly, except as otherwise noted, the court examines only the sufficiency of the allegations in the amended complaint and assumes that they are true.

constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise." *Warth v. Seldin*, 422 U.S. 490, 498 (1975).  To establish standing, a plaintiff must meet both constitutional and prudential requirements.  *See, e.g., Procter & Gamble Co. v. Amway Corp.*, 242 F.3d 539, 560 (5th Cir. 2001).  The Individual Defendants contend that the Littles lack constitutional standing, which requires that a litigant establish three elements: (1) an injury-in-fact that is concrete and actual or imminent, not hypothetical; (2) a fairly traceable causal link between the injury and the defendants' actions; and (3) that the injury will likely be redressed by a favorable decision.  *See, e.g., Bennett v. Spear*, 520 U.S. 154, 162 (1997); *Little v. KPMG LLP*, 575 F.3d 533, 540 (5th Cir. 2009).

B

The Individual Defendants appear to argue that plaintiffs cannot meet the "injury-in-fact" requirement of constitutional standing because, although they allege they have been injured by the "suspension" of John's Master Electrician License, their evidence conclusively proves that John's license was neither suspended nor revoked; instead, it expired on June 23, 2014 and was not renewed by the Texas Department of Licensing and Regulation ("TDLR"). Concerning Wendy's standing, the Individual Defendants contend that she has not alleged any facts to demonstrate that she has a protected interest in John's license, and, as a matter of law, the license is nontransferable under Tex. Occupations Code Ann. § 1305.165(b) (West 2012).  They also argue—presumably under the "fairly traceable" requirement of constitutional standing—that the Littles have failed to allege that any specific act of any of the Individual Defendants caused them any injury.  Finally, they contend that the alleged

- 6 -

injury will not be redressed by a favorable decision because the Individual Defendants have no power to issue John a license, and the declaratory relief the Littles seek is unavailable.

The Littles do not specifically respond to the Individual Defendants' arguments regarding the three elements of constitutional standing.

C

The court concludes that the Littles have adequately pleaded the facts necessary for the court to conclude that they have Article III standing.

1

The Littles allege that the Individual Defendants "deprived [John] of his Master Electrician License which is directly tied to the family owned and operated Electrical Contractor Business in Dallas, TX," Am. Compl. ¶ 3.1, and that, as a result, "each Defendant . . . destroyed a family owned and operated business," *id.* ¶ 4.3. The Individual Defendants mount, in part, a factual challenge to the "injury in fact" requirement of constitutional standing. They contend that John's license was neither "suspended" nor "revoked," but that it expired and was not renewed by the TDLR. But even if the court assumes *arguendo* that John's license was neither "suspended" nor "revoked," as the amended complaint alleges, and that the TDLR refused instead to renew it after it expired, John has nonetheless adequately pleaded an Article III injury. *Cf., e.g., Parker v. District of Columbia*, 478 F.3d 370, 376 (D.C. Cir. 2007) ("We have consistently treated a license or permit denial pursuant to a state or federal administrative scheme as an Article III injury." (citing cases)); *Nat'l Coalition of Latino Clergy, Inc. v. Henry*, 2007 WL 4390650, at *7 (N.D. Okla. Dec. 12,

- 7 -

2007) ("By alleging that [Oklahoma statute] was the cause of the denial of his license, [plaintiff] has properly alleged a concrete injury and has Article III standing to challenge its constitutionality.").

As for Wendy, even if the court assumes that she does not have a protected interest in John's Master Electrician License, the Littles have also alleged that the "family owned and operated Electrical Contractor Business," Am. Compl. ¶ 3.1, of which Wendy was the sole proprietor, has been "destroyed," *id.* ¶ 4.3, and that John and Wendy both "suffered the loss of a business," *id.* ¶ 4.1, as a result of the non-renewal of John's license.  These allegations are sufficient to allege that Wendy, individually, was injured for purposes of Article III standing.

2

The Littles have also adequately pleaded that their injuries are fairly traceable to defendants' actions.  They contend that defendants deprived John of his Master Electrician License pursuant to Texas Fam. Code Ann. § 232.0135 (West 2014), which permits a child support agency to request that a licensing authority refuse to accept an application for renewal of the license of an obligor who has failed to pay child support for six months or more, and requires that the licensing authority refuse to accept an application for renewal of the license until certain requirements are met.  *See also* Ps. Rule 7(a) Reply Brief Addressing Qualified Immunity ("Rule 7(a) reply") ¶ 2-A.2 (alleging that O'Bryan and Tibiletti

- 8 -

"instructed the [TDLR] not to renew Plaintiff[']s electrical license").[6]   The Individual

Defendants challenge the "fairly traceable" element of standing, contending that the Littles

have failed to allege specific actions by each of the Individual Defendants "which would

have caused any injury."  Ds. 12/16/14 Br. 8.  Although plaintiffs' failure to allege specific

actions by each of the Individual Defendants is relevant to the court's qualified immunity

analysis below, *see infra* §§ IV-VII, the court concludes that the amended complaint

adequately pleads the "fairly traceable" element of constitutional standing by alleging that

John's Master Electrician License was "suspended" as a result of defendants' informing the

TDLR that he had failed to pay his child support obligations.

    "[T]he fairly traceable element of standing doctrine imposes a causation standard that

is lower than the tort standard of proximate causation."  *TF-Harbor, LLC v. City of Rockwall,

Tex.*, 18 F.Supp.3d 810, 820 (N.D. Tex. 2014) (Fitzwater, C.J.) (citing *League of United*

*Latin Am. Citizens, Dist. 19 v. City of Boerne*, 659 F.3d 421, 431 (5th Cir. 2011)), *aff'd*, 592

Fed. Appx. 323 (5th Cir. 2015); *see also, e.g., Rothstein v. UBS AG*, 708 F.3d 82, 91-92 (2d

Cir. 2013) (collecting cases and discussing difference between "fairly traceable" standard and

proximate causation).  "[T]he fairly traceable element does not require that the defendant's

challenged action be the last act in the chain of events leading to the plaintiff's injury.  *TF-*

---

[6]The Littles filed a "Rule 7(a) reply addressing qualified immunity."  But because they
included the facts relevant to the Individual Defendants' qualified immunity defense in their
"Rule 7(a) reply brief addressing qualified immunity," rather than in their "Rule 7(a) reply
addressing qualified immunity," the court will cite the "Rule 7(a) reply brief addressing
qualified immunity" as if it were the court-ordered Rule 7(a) reply.

*Harbor*, 18 F.Supp.3d at 820 (citing *Bennett*, 520 U.S. at 168-69).  The court holds that the Littles have adequately pleaded this element of Article III standing.

3

Finally, the Littles have adequately pleaded that their injuries will likely be redressed by a favorable decision.

The Individual Defendants contend that the Littles cannot satisfy this element because "[t]he OAG Employees, who are sued in their individual capacities, have no ability to issue John Little a professional license," and that "that power lies with the TDLR, an agency over whom the OAG Employees in their individual capacities have no control."  Ds. 12/16/14 Br. 8-9.  But the Littles have alleged that the Individual Defendants "continue to hold the license," Am. Compl. ¶ 8.4, and they seek an injunction "ordering the Defendants to notify whoever needs to be notified to release the license in question permanently," *id.* at 10.  The Littles contend that the Individual Defendants acted pursuant to Tex. Fam. Code Ann. § 232.0135, which provides that

> (a) A child support agency, as defined by Section 101.004, may provide notice to a licensing authority concerning an obligor who has failed to pay child support under a support order for six months or more that requests the authority to refuse to accept an application for issuance of a license to the obligor or renewal of an existing license of the obligor.

*Id.*  Tex. Fam. Code Ann. § 232.0135(b) directs a licensing authority that has received the information described in § 232.0135(a) to refuse to accept an application for renewal of the license of the obligor, but only "*until the authority is notified by the child support agency* that

- 10 -

the obligor" has met certain requirements.    *Id.* § 232.0135(b) (emphasis added).

Accordingly, although the TDLR may be the only entity with the ability to actually issue

John a renewal of his Master Electrician License, the TDLR is only required to refuse John's

application for renewal until it receives notification from "the child support agency" (for

whom the Littles have pleaded the Individual Defendants work) that one of the four

conditions outlined in the subsection has been met.   Stated differently, assuming that there

are no other barriers to the renewal of John's Master Electrician License—none is apparent

from the face of the amended complaint—once the "child support agency" notifies TDLR

that John has satisfied one of the requirements listed in § 232.0135(b), the TDLR will no

longer be required to refuse to renew John's Master Electrician License on the basis of

§ 232.0135(a).  The court therefore concludes that the Littles have satisfied the requirement

of redressability.

Accordingly, the court holds that the Littles have adequately pleaded that they have

Article III standing.[7]

---

[7]The Individual Defendants move under Rule 12(b)(1) to dismiss the Littles' amended
complaint based on the doctrine of absolute immunity and the domestic relations exception.
Although the court is required to consider "a Rule 12(b)(1) jurisdictional attack before
addressing any attack on the merits," *Ramming*, 281 F.3d at 161 (citations omitted), the
court's subject matter jurisdiction is not affected by the affirmative defense of absolute
immunity, *see Cozzo v. Tangipahoa Parish Council—President Government*, 279 F.3d 273,
283 (5th Cir. 2002) ("Absolute immunity is an affirmative defense that is waived if it is not
pleaded"), or by the domestic relations exception, *see Goins v. Goins*, 777 F.2d 1059, 1061
(5th Cir. 1985) (describing domestic relations exception as an abstention doctrine and noting
that "Federal courts *traditionally decline* to hear cases involving the subject matter of
'domestic relations' despite the existence of diversity of citizenship."). Additionally, the
court is dismissing the Littles' claims against the Individual Defendants based on qualified

IV

The court now turns to the Individual Defendants' motion to dismiss the Littles' complaint based on the doctrine of qualified immunity.

The doctrine of qualified immunity protects government officials from suit and liability for civil damages under § 1983 insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *E.g., Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Once qualified immunity is asserted, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam). "The Supreme Court has characterized the doctrine as protecting 'all but the plainly incompetent or those who knowingly violate the law.'" *Cozzo v. Tangipahoa Parish Council–President Gov't*, 279 F.3d 273, 284 (5th Cir. 2002) (quoting *Malley v. Briggs*, 475 U.S. 335, 341(1986)).

"[W]hen a plaintiff sues a public official under § 1983, the district court must insist on heightened pleading by the plaintiff." *Morin v. Caire*, 77 F.3d 116, 121 (5th Cir. 1996) (citing *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995) (en banc)). Although a plaintiff may comply with ordinary pleading standards in his initial complaint, and need not anticipate a qualified immunity defense, "[w]hen a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its

---

immunity. The court therefore need not address these other grounds for dismissal that the Individual Defendants present under Rule 12(b)(1).

own, require the plaintiff to reply to that defense in detail" pursuant to Rule 7(a). *Schultea*, 47 F.3d at 1433. "[T]he reply must be tailored to the assertion of qualified immunity and fairly engage its allegations." *Id.* "Heightened pleading requires allegations of fact focusing specifically on the conduct of the individual who caused the plaintiffs' injury." *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999). The case should not be allowed to proceed unless plaintiffs can assert specific facts that, if true, would overcome the defense. *See Morin*, 77 F.3d at 120 ("Public officials are entitled to qualified immunity from suit under § 1983 unless it is shown by specific allegations that the officials violated clearly established law."); *Schultea*, 47 F.3d at 1434 ("The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity[.]"). The "district court's discretion not to [require a Rule 7(a) reply] is narrow indeed when greater detail might assist." *Schultea*, 47 F.3d at 1434; *see also Reyes*, 168 F.3d at 161 ("Faced with sparse details of claimed wrongdoing by officials, trial courts ought routinely require plaintiffs to file a reply under [Rule] 7(a) to qualified immunity defenses.").

"To decide whether defendants are entitled to qualified immunity, the court must first answer the threshold question whether, taken in the light most favorable to plaintiffs as the parties asserting the injuries, the facts they have alleged show that defendants' conduct violated a constitutional right." *Ellis v. Crawford*, 2005 WL 525406, at *3 (N.D. Tex. Mar. 3, 2005) (Fitzwater, J.) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001) ("A court required to rule upon the qualified immunity issue must consider, then, this threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the

- 13 -

officer's conduct violated a constitutional right?  This must be the initial inquiry.")).[8]  "If no

constitutional right would have been violated were the allegations established, there is no

necessity for further inquiries concerning qualified immunity."  *Saucier*, 533 U.S. at 201.

"[I]f a violation could be made out on a favorable view of the parties' submissions, the next,

sequential step is to ask whether the right was clearly established."  *Id*.  "Even if the

government official's conduct violates a clearly established right, the official is nonetheless

entitled to qualified immunity if his conduct was objectively reasonable."  *Wallace v. Cnty.

of Comal*, 400 F.3d 284, 289 (5th Cir. 2005).  "The objective reasonableness of allegedly

illegal conduct is assessed in light of the legal rules clearly established at the time it was

taken."  *Salas v. Carpenter*, 980 F.2d 299, 310 (5th Cir. 1992) (citing *Anderson v. Creighton*,

483 U.S. 635, 639 (1987)).  "'The defendant's acts are held to be objectively reasonable

unless *all* reasonable officials in the defendant's circumstances would have then known that

the defendant's conduct violated the' plaintiff's asserted constitutional or federal statutory

right."  *Cozzo*, 279 F.3d at 284 (quoting *Thompson v. Upshur Cnty., Tex.*, 245 F.3d 447, 457

(5th Cir. 2001)).

---

[8]*Saucier's* two-step procedure for determining qualified immunity is no longer
mandatory.  *See Pearson*, 555 U.S. at 232, 236.  Courts are free to consider *Saucier's* second
prong without first deciding whether the facts show a constitutional violation.  *Id*. at 236.
The "decision does not prevent the lower courts from following the *Saucier* procedure; it
simply recognizes that those courts should have the discretion to decide whether that
procedure is worthwhile in particular cases."  *Id*. at 242.

V

The court first considers whether the Individual Defendants are entitled to qualified immunity with respect to the Littles' § 1983 claim alleging a violation of the Equal Protection Clause.

A

"To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999) (quoting *Johnson v. Morel*, 876 F.2d 477, 479 (5th Cir. 1989)) (internal quotation marks omitted). "[The Supreme Court has] recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam) (citing *Sioux City Bridge Co. v. Dakota Cnty.*, 260 U.S. 441 (1923); *Allegheny Pittsburgh Coal Co. v. Cnty. Comm'n of Webster Cnty., W. Va.*, 488 U.S. 336 (1989)). But "if the challenged government action does not appear to classify or distinguish between two or more relevant persons or groups, then the action—even if irrational—does not deny them equal protection of the laws." *Johnson v. Rodriguez*, 110 F.3d 299, 306 (5th Cir. 1997) (quoting *Brennan v. Stewart*, 834 F.2d 1248, 1257 (5th Cir. 1988)) (internal quotation marks omitted).

B

In their amended complaint, the Littles appear to base their equal protection claim on the Individual Defendants' alleged "invidious discrimination towards a non-custodial parent." Am. Compl. ¶ 3.3.  They do not, however, plead any specific conduct by any of the Individual Defendants that would indicate that the defendant in question treated non-custodial parents differently from any other group.  They allege, as an "[e]xample," that "[t]he last request for review of child support submitted to the Tyler office back in 2010 was initiated by the custodial parent and took only 17 days to approve the request and scheduled a review conference versus 70+days for the non-custodial parent and no approval was granted."  Am. Compl. ¶ 6.2.  Although this allegation pleads unequal treatment based on membership in a particular class (custodial parents vs. non-custodial parents), which the court will assume *arguendo* would violate the Equal Protection Clause, the Littles do not allege that any of the three Individual Defendants was involved in the 2010 child support review or that any of the three Individual Defendants took any action to treat custodial parents differently than non-custodial parents.

In their Rule 7(a) reply, the Littles allege that O'Bryan and Tibiletti violated the Equal Protection Clause by instructing the TDLR not to renew John's electrical license.  The Littles contend that Tex. Fam. Code Ann. § 232.0135 does not apply to all "non-custodial" parents licensed in Texas because it does not apply to non-custodial parents, such as attorneys, whose licenses do not expire.  The Individual Defendants contend that the Littles have failed to plead a constitutional violation on this basis because, as a matter of law, "professions" are

- 16 -

not a protected class under the Equal Protection Clause.  Because the Littles maintain in their Rule 7(a) supplemental brief addressing qualified immunity that the "class based" group against which defendants discriminated is "non-custodial parents," not electricians, the court does not address whether the Littles could successfully bring an equal protection claim based on the Texas Family Code's apparent unequal treatment of professions whose licenses expire and professions whose licenses do not expire.  In any event, the Littles have failed to plead any facts that would suggest that the *Individual Defendants* treated these two classes differently.

Finally, the Littles allege in their Rule 7(a) reply that, because the Individual Defendants held John's license despite their knowledge that he was indigent, this is sufficient to show a violation of the Equal Protection Clause under a "class of one" theory.  The Individual Defendants move to dismiss the Littles' equal protection "class of one" claim, contending that the Littles have failed to identify any others who were "similarly situated" yet were treated differently.  The court agrees.

In support of their "class of one" theory, the only facts the Littles plead that specifically relate to the Individual Defendants are these:

> Finally, the Plaintiffs have filed indigence affidavits in Federal Court on (08/12/2014) and State Court on (10/08/2014) and were never challenged by O'Bryan; Tibiletti; or Carson, and since they did not challenge the validity of the Plaintiffs['] claim of Indigence, it was confirmed as a matter of law.  This is confirmation that the Defendants have been fully aware of the Plaintiffs['] past and present financial situation and yet are still holding the license, which shows that a "class of one" claim by the Plaintiff is applicable in this case.

- 17 -

Rule 7(a) reply ¶ 2-B.4 (italics and citations omitted).  These allegations are insufficient to plead that the Individual Defendants violated the Littles' equal protection rights on the basis of a "class of one" theory.[9]  *See Hooker v. Dall. Indep. Sch. Dist.*, 2010 WL 4025877, at *8 (N.D. Tex. Oct. 13, 2010) (Fitzwater, C.J.) (dismissing § 1983 equal protection claim where plaintiffs failed to allege that they were treated differently from others similarly situated).

In sum, the court holds that the Littles have failed to plead that any of the Individual Defendants' conduct violated the Littles' rights under the Equal Protection Clause.  Because "no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity" with respect to this claim. *Saucier*, 533 U.S. at 201.  Accordingly, the court dismisses the § 1983 equal protection claim asserted against the Individual Defendants in their individual capacities on the basis of qualified immunity.

C

The Littles also assert a claim under 42 U.S.C. § 1985(3), which permits a person injured by a conspiracy to deprive him of equal protection of the laws, or of equal privileges and immunities under the laws, to recover damages.  To establish a § 1985(3) violation, a

---

[9]The Littles also allege in their Rule 7(a) reply that "[a]s indicated and claimed by the Plaintiffs in the earlier pleadings in this case, the Plaintiffs have established to this Honorable Court by the filed exhibits and pleadings that the unequal applications of child support review and enforcement decisions entered by the said Defendants are at issue."  Rule 7(a) reply ¶ 2.  This allegation is insufficient to allege that any of the Individual Defendants intentionally discriminated against the Littles because of membership in a protected class or treated the Littles differently from others similarly situated.

plaintiff must demonstrate (1) a conspiracy of two or more persons, (2) for the purpose of

depriving, either directly or indirectly, any person or class of persons of equal protection of

the laws, or of equal privileges and immunities under the laws, and (3) an act in furtherance

of the conspiracy, (4) whereby a person is either injured in his person or property or deprived

of any right or privilege of a citizen of the United States. *Word of Faith World Outreach Ctr.*

*Church, Inc. v. Sawyer*, 90 F.3d 118, 124 (5th Cir. 1996) (citing *Deubert v. Gulf Fed. Sav.*

*Bank*, 820 F.2d 754, 757 (5th Cir. 1987)).  In support of their § 1985 conspiracy claim, the

Littles allege the following with regard to the Individual Defendants:

> O'Bryan; Tibiletti; and Carson, as recognized by their filings
> and arguments, are fully aware of the Plaintiffs['] financial
> situation but have yet to even contact the Plaintiff regarding the
> license.  The Plaintiffs have also gone beyond just the
> conspiracy claim and included a possible "intent" element.  This
> element is Federal Incentive money paid to the States for child
> support collection as well as arrears on the books, so the extra
> accumulation of arrears directly benefit O['B]ryan; Tibiletti; and
> Carson as their salaries are paid out of these Federal funds.

Rule 7(a) reply ¶ 2-D.4 (italics omitted).

These allegations are insufficient to overcome the Individual Defendants' qualified

immunity defense with respect to the Littles' § 1985(3) claim.[10]  For the reasons explained

above, *see supra* § V(B), the court holds that the Littles have failed to plead any conduct by

the Individual Defendants that would show that these defendants deprived them of their

constitutional rights under the Equal Protection Clause.  The allegations that the Individual

---

[10]Qualified immunity applies to claims brought under § 1985. *See Little II*, 2015 WL
1859457, at *2 (citing cases).

- 19 -

Defendants were aware of the Littles' indigent status but failed to contact them regarding John's Master Electrician License are insufficient to show that any of the Individual Defendants conspired to deprive the Littles of their equal protection rights.

VI

The court next considers whether the Individual Defendants are entitled to qualified immunity with respect to the Littles' § 1983 claim that they were denied procedural due process.[11]

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id.* at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).

The court will assume *arguendo* that the Littles have a protected liberty or property interest in John's Master Electrician License. The amended complaint alleges that "Defendants" deprived them of their Fourteenth Amendment due process rights by "fail[ing] to look at, investigate, pursue, recognize or show any due diligence in exercising good judgment in their actions," Am. Compl. ¶ 3.1; that "Defendants did not offer an opportunity

---

[11]Although the Littles only refer generally to "due process," without differentiating between procedural and substantive due process, the court concludes that the Littles have only pleaded a *procedural* due process claim in their amended complaint and Rule 7(a) reply.

to be heard as required before a deprivation of Life, Liberty or Property was carried out," *id.*
¶ 6.1; and that the Littles' February 27, 2013 request for review "was ignored because the
Defendants stated that there was no supporting documentation," *id.* ¶ 6.2, and their August
12, 2014 request for review was "ignored" and "delay[ed]," *id.* ¶¶ 6.1, 6.2.  The court held
in *Little I* that the allegations in the amended complaint were insufficient to address the
defense of qualified immunity.  *Little I*, 2015 WL 1859457, at *3-4.  In their Rule 7(a) reply,
the Littles assert that an individual's license to engage in a legitimate occupation is a
"property right" protected under Article 1 § 19 of the Texas Constitution, but they do not
plead any additional facts that would demonstrate that any of the Individual Defendants'
conduct violated the Littles' right to due process.  As the court held in *Little I*, "[t]he Littles'
'failure to attribute conduct to any of the Individual Defendants or to separate out the
allegations against the various Individual Defendants makes it impossible to determine
whether the defendant in question acted in an objectively unreasonable manner in light of
clearly established constitutional standards.'"  *Little I*, 2015 WL 1859457, at *4 (quoting
*Fisher v. Dall. Cnty.*, 299 F.R.D. 527, 532-33 (N.D. Tex. 2014) (Fitzwater, C.J.)); *see also*
*Waltman v. Payne*, 535 F.3d 342, 346 (5th Cir. 2008) (requiring plaintiff, in order to rebut
qualified immunity defense, to show "that he has alleged a violation of a clearly established
constitutional right" and that "the defendant's conduct was objectively unreasonable in light
of clearly established law at the time of the incident").  Accordingly, the court dismisses the
Littles' § 1983 due process claim asserted against the Individual Defendants on the basis of

qualified immunity.[12]

## VII

The court next considers whether the Individual Defendants are entitled to qualified immunity with respect to the Littles' § 1983 claim that, by not responding to the Littles' August 12, 2014 request for review, the Individual Defendants have violated the First Amendment by retaliating against them for filing this lawsuit.

## A

A claim brought under § 1983 alleging unlawful retaliation for the exercise of free speech requires proof of three elements: (1) the plaintiff was engaged in constitutionally protected activity, (2) the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the defendant's adverse actions were substantially motivated against the plaintiff's exercise of the constitutionally protected conduct. *See Keenan v. Tejeda*, 290 F.3d 252, 258 (5th Cir. 2002) (citing *Carroll v. Pfeffer*, 262 F.3d 847, 850 (8th Cir. 2001); *Smith v. Plati*, 258 F.3d 1167, 1176 (10th Cir. 2001); *Lucas v. Monroe Cnty.*, 203 F.3d 964, 973 (6th Cir. 2000)) (listing elements of First Amendment retaliation claim where employment or other

---

[12]Because the court is granting the Individual Defendants' motion to dismiss on the basis of qualified immunity based on pleading deficiencies in the Littles' amended complaint and Rule 7(a) reply, the court will not address the Individual Defendants' arguments that the undisputed facts show that the Littles *did* receive notice and an opportunity to be heard prior to the non-renewal of John's Master Electrician License, and that the Littles have already availed themselves of a remedy that adequately protects their property interest (i.e., proceedings in state court), and cannot now use this proceeding to circumvent that due process.

contractual relationship between the plaintiff and the government officials is not involved);

*see also Kinney v. Weaver*, 367 F.3d 337, 358 (5th Cir. 2004) ("[T]he First Amendment is

violated in 'ordinary citizen' cases if the individual engaged in conduct protected by the First

Amendment and the government took action against the person because of that protected

conduct." (citing *Rolf v. City of San Antonio*, 77 F.3d 823, 827 (5th Cir. 1996))).

B

In their Rule 7(a) reply, the Littles allege the following in support of their First

Amendment retaliation claim:

> The plaintiffs have argued that the Defendants; O'Bryan;
> Tibiletti; and Carson are retaliating against the Plaintiffs for
> filing this Federal Lawsuit.  I would ask this Honorable Court to
> refer to (Exhibit Z19; Affidavit of Sherry Carson) of the
> appendix (Doc. 51) filed by the Plaintiffs in this case.
> Defendant Carson stated to this Honorable Court that "instead
> of letting the process of child support review take place the
> Plaintiff filed suit[.]"  This statement by Carson was made on
> 09/29/2014 . . .  The other statement made by Carson was the
> fact that she admitted for the record that the request for review
> (filed by the Plaintiffs) on August 12, 2014 included all of the
> elements required for review (Ex. Z19; App. 51), therefore the
> silence of O'[B]ryan and Tibiletti in these statements by Carson
> indicate knowledge and acceptance of those statements because
> they are all a part of this suit.
>
> As argued by the Plaintiffs, filing suit and/or redressing
> a grievance does not stop the child support review process, just
> like the accrual of the monthly child support obligations do not
> stop.  As mentioned above, the silence in these matters, by
> O'Bryan; Tibiletti; and Carson as well as not granting or even
> "replying" to the request for a review could indicate that
> retaliation against the Plaintiffs for filing suit is a possibility.  As
> mentioned above, it has been 270 days and counting with no
> response from the Defendants.

- 23 -

Rule 7(a) reply ¶¶ 2-E.1, 2-E.2 (italics and underlining omitted).  Even assuming *arguendo* that delaying or failing to respond to the Littles' August 12, 2014 request for review would constitute an injury that would chill a person of ordinary firmness from filing a lawsuit, *see Keenan*, 290 F.3d at 258, the Littles have failed to plead conduct on the part of any of the Individual Defendants that would show that the defendant either was involved in the decision to delay or fail to respond to the Littles' August 12, 2014 request for review or was motivated to do so by the Littles' filing of this lawsuit.  Carson's affidavit, on which the Littles rely, states, in pertinent part:

> Plaintiffs did not seek any judicial review of the past due child support (or any administrative determinations of the OAG) after receiving the February 23, 2014 Notice of license non-renewal.
>
> Plaintiffs were specifically notified that efforts to "make payment arrangements and obtain a release" might take several weeks.
>
> Rather than allow that process to take place, Plaintiffs filed this litigation 16 days after they first provided the OAG with any documentation.

Ps. 1/5/15 App. 44 (citations, some quotation marks, and paragraph numbers omitted).  Carson's statement that Plaintiffs filed this lawsuit "rather than allow that process to take place" simply does not show either that Carson, Tibiletti, or O'Bryan delayed the Littles' request for review in retaliation against the Littles for filing this lawsuit.  Accordingly, the court dismisses the § 1983 First Amendment retaliation claim asserted against the Individual

Defendants in their individual capacities on the basis of qualified immunity.[13]

## VIII

The Littles' remaining claims are based on allegations that various Texas statutes (Tex. Fam. Code Ann. § 232.0135, Tex. Fam. Code Ann. § 157.263, and Tex. Fam. Code Ann. § 154.068) are unconstitutional. The Individual Defendants move to dismiss these claims under Rule 12(b)(6), contending, *inter alia*, that the Littles have failed to allege any facts from which the court could conclude that the Individual Defendants performed any action pursuant to § 232.0135, and, as to § 157.263 and § 154.068, that the Littles have failed to identify any way in which these statutes are related to their facts or in which the statutes are alleged to be unconstitutional.[14]

The court agrees with the Individual Defendants that, to the extent the Littles intend

---

[13]Because the court is granting the Individual Defendants' motion to dismiss based on qualified immunity, it will not reach the Individual Defendants' argument under Rule 12(b)(6) that plaintiffs have failed to state a claim on which relief can be granted with respect to those claims for which the court has determined the Individual Defendants have qualified immunity.

[14]The Individual Defendants also appear to rely on the doctrine of *Ex parte Young*, 209 U.S. 123 (1908), to challenge the Littles' ability to bring claims seeking declaratory and injunctive relief. *See* Ds. 12/16/14 Br. 17 (quoting *Okpalobi v. Foster*, 244 F.3d 405, 416 (5th Cir. 2001), in which the Fifth Circuit addressed the *Ex parte Young* doctrine, and arguing that the Littles do not meet the applicable standards). Because the Individual Defendants have been sued only in their individual capacities, however, *Ex parte Young* does not apply. *See, e.g., Shah v. Univ. of Tex. Sw. Med. Sch.*, 54 F.Supp.3d 681, 690 (N.D. Tex. 2014) (Fitzwater, C.J.) ("'To meet the *Ex parte Young* exception, a plaintiff's suit alleging a violation of federal law must be brought against individual persons in their *official* capacities as agents of the state[.]'" (quoting *Aguilar v. Tex. Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998))).

- 25 -

to assert a § 1983 claim challenging the constitutionality of Tex. Fam. Code Ann. §§ 232.0135, 157.263, and 154.068, they have failed to plausibly plead this claim in a lawsuit against the Individual Defendants.  The court has already concluded above that the Littles have failed to plausibly allege that, acting under color of state law, the Individual Defendants violated their due process, equal protection, or first amendment rights.  The Littles offer no other basis for concluding that §§ 232.0135, 157.263, and 154.068 are unconstitutional.[15]

Accordingly, the court grants the Individual Defendants' motion under Rule 12(b)(6) to dismiss these claims for failure to state a claim on which relief can be granted.[16]

*    *    *

For the foregoing reasons, the court grants the Individual Defendants' Rule 12(b)(6) motion to dismiss and dismisses this action against the Individual Defendants with prejudice

---

[15]Although the amended complaint alleges that defendants' deprivation of John's Master Electrician License "is in direct conflict of the Commerce Clause laid out by Congress," Am. Compl. ¶ 4.4, they offer no basis, other than this conclusory assertion, for the court to draw the reasonable inference that the Individual Defendants' conduct violated the Commerce Clause of the United States Constitution.

[16]Because the court is granting the Individual Defendants' Rule 12(b)(6) motion to dismiss the Littles' claims asserted against them on the basis of qualified immunity and failure to state a claim on which relief can be granted, the court will not reach the Individual Defendants' argument that the amended complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

by Rule 54(b) final judgment filed today.

**SO ORDERED**.

September 24, 2015.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE