IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN LITTLE, et al., § | |
| § | |
| Plaintiffs, § | |
| § | Civil Action No. 3:14-CV-3089-D |
| VS. § | |
| § | |
| TEXAS ATTORNEY GENERAL, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Having considered plaintiffs' October 5, 2015 response to the court's September 24, 2015 order,[1] the court extends through February 23, 2016 the deadline for plaintiffs to identify and effect service on the "Unknown Defendants" named as parties in their first amended complaint. The court denies plaintiffs' October 5, 2015 petition for appointment of counsel pursuant to 28 U.S.C. § 1915(e).[2]

"The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). But a party is not entitled to appointment of counsel as of right in a civil action. *See, e.g., McFaul v. Valenzuela*, 684 F.3d 564, 581 (5th Cir. 2012). "An attorney should be appointed only if exceptional circumstances exist." *Id.* (citing *Ulmer v. Chancellor*, 691 F.2d

---

[1] On October 13, 2015 the Office of the Attorney General of Texas, a dismissed defendant, filed a response in opposition to plaintiffs' response. The court did not invite any response other than from plaintiffs, and this defendant was dismissed from this case by judgment filed on December 10, 2014.

[2] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

209, 212 (5th Cir. 1982)); *see also Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989) (holding in context of 42 U.S.C. § 1983 action that court is not required to appoint counsel for indigent plaintiff unless case presents exceptional circumstances) (citing *Ulmer*, 691 F.2d at 212).  The burden of persuasion rests on the party requesting counsel.  *Paskauskiene v. Alcor Petrolab, L.L.P.*, 527 Fed. Appx. 329, 333 (5th Cir. 2013) (per curiam) ("The plaintiff bears the burden of demonstrating that the appointment of counsel is justified.") (addressing Title VII plaintiff) (citing *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1310 (5th Cir. 1977)).

Although plaintiffs cite other reasons in their motion, they appear to request appointed counsel primarily to assist them in identifying and serving the alleged "Unknown Defendants."  But it is not even clear that such persons exist, because they are identified in the amended complaint only by the conclusory description "the rest of the individuals that conspired to deprive the Plaintiffs and are from the Tyler, TX office."  Am. Comp. ¶ 1.2.  Additionally, plaintiffs *were* able—without the assistance of a lawyer—to identify and sue three individual defendants.

Accordingly, although the court will grant plaintiffs additional time to attempt to identify and effect service on the "Unknown Defendants" named as parties in their first amended complaint, it will not appoint counsel to represent them because they have failed to demonstrate that there are exceptional circumstances that warrant such an appointment.

**SO ORDERED**.

October 23, 2015.

*[signature]*
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE